94–1964.  State v. Garner.  *Hamilton County,* No. C–920864.  This court received notification from the Supreme Court of the United States that said court on April 15, 1996, entered an order in No. 95–8200, *William L. Garner v. Ohio,* which stated:

"The petition for a writ of certiorari is denied."

Upon consideration that the stay of execution of sentence granted by this court on January 24, 1996 was conditioned upon final disposition of appellant's petition to the Supreme Court of the United States, and it appearing to this court that the Supreme Court of the United States has rendered a final disposition of the petition,

IT IS ORDERED that the stay of execution is hereby terminated as of the date of this entry, April 25, 1996.

IT IS HEREBY ORDERED by this court that the sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Wednesday, the 24th day of July, 1996, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that the Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Hamilton County.

IT IS FURTHER ORDERED by the court that, upon written application of appellant, and pursuant to *State v. Glenn* (1987), 33 Ohio St.3d 601, 514 N.E.2d 869, this court will grant one additional stay for a period ending six months from the date of this entry to allow appellant an opportunity to file a petition for post-conviction relief.

95–1042.  Roberts v. Ohio Permanente Med. Group, Inc.  *Summit County,* No. 16913.  This cause is pending before the court as an appeal from the Court of Appeals for Summit County.  Upon consideration of the motion of *amicus curiae,* Ohio Academy of Trial Lawyers, to present oral argument within the time allotted to appellant,

IT IS ORDERED by the court that the motion of *amicus curiae,* Ohio Academy of Trial Lawyers, to present oral argument within the time allotted to appellant be, and hereby is, granted.

95–1042.  Roberts v. Ohio Permanente Med. Group, Inc.  *Summit County,* No. 16913.  This cause is pending before the court as an appeal from the Court of Appeals for Summit County.  Upon consideration of the motion of *amici curiae,* Ohio Hospital Association and Ohio State Medical Association, to present oral argument within the time allotted to appellees,

IT IS ORDERED by the court that the motion of *amici curiae,* Ohio Hospital Association and Ohio State Medical Association, to present oral argument within the time allotted to appellees be, and hereby is, granted.

96–474.  In re Graybill/Rowe Children.  *Stark County,* No. 95CA0109.  This cause is pending before the court as a discretionary appeal and as a claimed appeal of right.  Upon consideration of the motion of Shirley Rowe to participate in oral argument.

IT IS ORDERED by the court that the motion to participate in oral argument be, and hereby is, denied.

## DISCIPLINARY DOCKET

94–2645.  Disciplinary Counsel v. Mbakpuo.  On August 23, 1995, this court indefinitely suspended respondent, Chukwujindu Victor Mbakpuo.  On October 12, 1995, this court issued an order for respondent to show cause why he should not be held in contempt for failure to comply fully with the court's order of August 23, 1995.  On December 20, 1995, respondent was found in contempt of this court.  On February 20, 1996, respondent filed a Motion to Vacate Order of Contempt.  Upon consideration thereof,

IT IS ORDERED by the court that the contempt order dated December 20, 1995, be and is, hereby, vacated.

94–2651.  Cleveland Bar Assn. v. Kurtz.  IT IS ORDERED by the court that the motion for reconsideration in this case be, and hereby is, denied.